UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JUAN DANIEL GARCIA,
(NO. 1166826),

    Plaintiff,

v.                                                        Civil No. 4:24-cv-00408-P

RUSS AUTHIER, SHERIFF,
PARKER COUNTY, TEXAS, ET AL.,

    Defendants.

## MEMORANDUM OPINION & ORDER

This case is before the Court for review of *pro se* inmate Juan Daniel Garcia's case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the Complaint, the Court finds that Garcia's claims under 42 U.S.C. § 1983 must be **DISMISSED with prejudice** under authority of these provisions.

## BACKGROUND

Juan Garcia, an inmate in the Parker County Jail, filed a form civil rights complaint with attachment pages. ECF No. 1. Parker County records show Garcia is held on different bond amounts for charges of (1) unlawful possession of a firearm by a felon, (2) possession of a controlled substance, and (3) a parole violation. *See* https://portal-txparker.tylertech.cloud/PublicAccess/JailingDetail.aspx?JailingID=177052. Garcia's Complaint names as defendants Parker County Jail Sheriff Russ Authier and Parole Officer Ward. Compl. 2, ECF No. 1. Without detail, Garcia recites that he seeks relief under the Constitution's Eighth, Twelfth, and Fourteenth Amendments. *Id.* at 3. In his claim statement as to Sheriff Authier, Garcia writes:

> The defendant has the Plaintiff held in his jail without bond on a parole hold that's indefinite, well past his discharge date its been 81 days past this inmates

> scheduled discharge date, by keeping said hold in place. It is keeping the Plaintiff incarcerated in his jail. Unable to bond out on his current charges, amount to false imprisonment in violation of this plaintiff civil and constitutional rights. And the plaintiff should receive damages for every day [he] has held incarcerated unable to bond out. Because he is being held without bond on a parole hold for parole he discharged on Feb. 9th 2024 [sic].

Compl. 4, ECF No. 1. For Officer Ward, Garcia alleges:

> The defendant is Plaintiff's parole officer and this defendant conspired with the Parker County Jail and in his official capacity violated the Plaintiff's rights to a timely and proper parole hearing and in turn has created an indefinite parole hold on this Plaintiff and has denied this Plaintiff's expectation of release on his scheduled parole date of 2-9-24 in violation of this Plaintiff's civil and constitutional rights. And continues to sceme [sic] this system and Plaintiff trying to convince him that he is still on parole even though he has long discharged said parole on 2-9-2024 which amount to false imprisonment and damages [sic].

Compl. 5, ECF No. 1. In an additional claim statement, Garcia elaborates that:

> Plaintiff was to discharge his parole on 2-9-24, and his Parole Officer Ward erred and the Parker County Sheriff Authier denied this Plaintiff his right to a timely parole hearing and refused to lift this Plaintiff's parole hold which was 2/9/24 would enable the Plaintiff to bond out on his current charges. So this Plaintiff is being held on Parole hold he's not on parole for anywhere [sic].

Compl. 6, ECF No. 1.

Based on these allegations, Garcia sued Defendants on May 8, 2024. As relief Garcia asks the Court to "order the parole hold lifted" in recognition of his "right to be free of illegal imprisonment." Compl. 7, ECF No. 1. He also seeks $100,000 in "actual and punitive damages" or, alternatively, $225.00 per day of incarceration past his initial February 9 release date.

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PRLA") requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). For plaintiffs proceeding *in forma pauperis*, as Garcia is, the district court must also screen the Complaint for legal frivolousness under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of lawsuits that are frivolous, malicious, or legally incognizable, including claims for monetary damages raised against a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts that "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.*

## ANALYSIS

The Court concludes that Garcia's claims against Sheriff Authier and Parole Officer Ward are not cognizable under 42 U.S.C. § 1983. Garcia seeks monetary damages and injunctive relief in the form of an order of release from confinement for the failure to release him on parole, in violation of his constitutional rights. Compl. 4-7, ECF No. 1. The Supreme Court has held that a claim which, in effect, attacks the

constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). The Court elaborated that such a claim does not accrue until the relevant conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Although *Heck* involved a bar to claims for monetary damages, it also applies to claims for injunctive relief. *See Clark v. Stadler*, 154 F.3d 186, 190–91 (5th Cir. 1998) (en banc).

Garcia's lawsuit necessarily implies the invalidity of his present incarceration. *See Renshaw v. Rodriguez,* C.A. No.C-07-149, 2007 WL 2461791, at *1 (S.D. Tex. Aug 24, 2007) (holding similar claims failed to "satisfy the *Heck* test"). For the Court to grant the relief requested (which impacts the parole-violation order and Garcia's imprisonment at large) would imply Garcia's conditions of imprisonment are unlawful. Thus, such claims are not cognizable under § 1983 unless Garcia has satisfied the conditions set by *Heck. See McGrew v. Tex. Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995) ("Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element.") (citation omitted).

For challenges brought under § 1983 to parole proceedings, the Supreme Court has clarified that, although challenges only to the *procedures* used to determine parole eligibility may proceed, claims like Garcia's cannot. *See Wilkinson v. Dotson,* 544 U.S. 74, 80–81 (2005). That's because such claims "seek to invalidate the duration of [an inmate's] confinement—either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* And such claims must be pursued through *habeas corpus* or similar relief. *See id.*

4

As Garcia challenges the denial of release on parole, *Heck* bars his claims for injunctive relief and monetary damages. *See McGrew,* 47 F.3d at 161. Garcia remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court. As a result, Garcia's claims against Sheriff Authier and Parole Officer Ward are not cognizable under § 1983 and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i), (ii). *See Heck*, 512 U.S. at 487–88; *McGrew*, 47 F.3d at 161.

## CONCLUSION

For the above reasons, the Court **ORDERS** that Juan Daniel Garcia's claims in this action are **DISMISSED with prejudice** to their being reasserted until Garcia meets the conditions set forth in *Heck v. Humphrey. See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), (ii).[1]

**SO ORDERED** this **11th day** of **June 2024**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[1] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).